(81 Misc. Rep. 214.)

### GORDON v. DOKTOR.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

CONTRACTS (§ 131*)—VALIDITY—ILLEGAL CONTRACTS.

Plaintiff, who was induced to erect and maintain a fruit and soda water stand in a certain place by the fraudulent misrepresentations of defendant, cannot recover expenditures made for the purpose of influencing the action of the municipal officers, under an agreement by defendant that he would pay all plaintiff's losses if plaintiff would not sue defendant for the fraud, for not only was the money sought to be recovered paid for illegal purposes, but the contract itself was illegal as against public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 594–607; Dec. Dig. § 131.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Gordon against Benjamin Doktor. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Judgment reversed, and complaint dismissed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

George Edwin Joseph, of New York City, for appellant.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent.

SEABURY, J. The complaint alleges that defendant represented to plaintiff that he had obtained for the plaintiff the consent of the

landlord of the premises No. 51 West Twenty-Second street to erect and maintain a fruit and soda water stand in front of said premises, and that it was agreed that, if the city authorities required plaintiff to move said stand, the defendant would repay to plaintiff all the moneys that the plaintiff expended in erecting said stand or in the purchase of merchandise and fixtures to be used and sold upon said stand. The complaint further alleges that the plaintiff purchased merchandise and fixtures for said stand "in reliance upon the representations, made by defendant," that said representations were false and untrue, and known to defendant to be false and untrue at the time that he made them, and that they were made to induce the plaintiff to rely upon them, and that the plaintiff suffered damage in the sum of $750.

Notwithstanding the fact that the cause of action alleged sounds in tort, the action was tried upon the theory of contract. Upon the trial the plaintiff attempted to prove a promise on the part of the defendant to pay him $750, and claimed that the consideration upon which the promise rested was the agreement on the part of the plaintiff to refrain from suing the defendant for damages for false and fraudulent representations. It appears from the plaintiff's own testimony that part of the money which he expended to get his stand, and which he claims the defendant promised to repay him, was given to several persons whom he describes as "politicians" for the purpose of enabling him to get a license for his stand from the alderman of the district in which the stand was situated. He testified:

"I paid Hiram Moskovitz to help me get this license $175. That is part of the money I claim here. I paid $25 to Abraham Wittenberg to see the alderman to get the license. The money I paid to the politicians is part of the money that the defendant owes me, as I claim. The defendant agreed to pay me $750 if I would not go to the district attorney."

Upon the plaintiff's own statement of his claim, we think that the complaint should have been dismissed. Some of the money which he claims the right to recover was clearly paid for an illegal purpose, and the promise of the defendant that he would pay to the plaintiff the full amount that the plaintiff claimed if the facts were not laid before the proper public authorities is not of such a character as to permit any valid obligation to be founded upon it. It may be that the illegal character of the promise upon which the plaintiff relied was not understood by him. However this may be, it is plain that the consideration for the promise sued upon is illegal, and no judgment can be founded upon it.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.